IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tracy Condrey, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Nancy A. Berryhill, Acting Commissioner ) <br> of Social Security, ) <br> ) <br> Defendant. ) <br> ) | C/A No.: 4:16-3078-MBS <br><br><br> **OPINION AND ORDER** |

On January 4, 2013, Plaintiff Tracy Condrey filed an application for disability insurance benefits, alleging disability commencing September 21, 2011. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on January 22, 2015. On March 27, 2015, the ALJ issued a decision denying Plaintiff's application. The Appeals Council determined that there was no basis for granting Plaintiff's request for review. On September 12, 2016, Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers, III for pretrial handling. On October 10, 2017, the Magistrate Judge issued a Report and Recommendation in which he determined that the ALJ did not obtain a reasonable explanation for the conflict between the Dictionary of Occupational Titles (DOT) and the testimony of the vocational expert with respect to Plaintiff's ability to perform jobs requiring a general educational development (GED) level of two, as required by SSR 00-4p. Accordingly, the Magistrate Judge recommended that the action be remanded to obtain VE testimony in compliance with SSR 00-4p. In addition, the Magistrate Judge recommended that the ALJ take

into consideration Plaintiff's remaining allegations of error and appropriately evaluate Dr. Cromer's opinions under 20 C.F.R. § 416.927. On October 24, 2017, the Commissioner filed a Notice of Not Filing Objections to the Report and Recommendation of the Magistrate Judge.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The case is **reversed** and **remanded** pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration as set forth herein and in the Report and Recommendation.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
November 6, 2017